**Conrad S. CARUSO, Plaintiff,**

v.

**PEAT, MARWICK, MITCHELL & CO., Defendant.**

**86 Civ. 3408 (RPP).**

United States District Court, S.D. New York.

Dec. 6, 1991.

Vladeck, Waldman, Elias & Engelhard, P.C. by Joseph J. Garcia, Laura S. Schnell, New York City, for plaintiff.

Cahill Gordon & Reindel by Thomas J. Kavaler, Kirsten Emigholtz, New York City, for defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff's attorneys apply for an award of attorneys' fees, costs and disbursements pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b), which incorporates 29 U.S.C. § 216(b), the Fair Labor Standards Act provision for reasonable attorneys' fees and costs for a prevailing plaintiff.

The application comes after a trial before a jury in an action initiated in 1986 by Plaintiff Conrad S. Caruso, a former partner in Peat Marwick & Mitchell ("PMM"). Plaintiff claimed that PMM willfully violated the ADEA by (1) terminating Plaintiff's employment on the basis of age and (2) willfully retaliating against him after he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") charging age discrimination.

Plaintiff's action was vigorously defended. PMM first moved to dismiss on the ground that Plaintiff was not an employee of PMM within the meaning of the ADEA at the time of termination or retaliation. *See Caruso v. Peat, Marwick, Mitchell &*

*Co.*, 664 F.Supp. 144 (S.D.N.Y.1987) (Walker, J.). After losing that motion, PMM moved unsuccessfully for reargument. *See Caruso v. Peat, Marwick, Mitchell & Co.*, No. 86 Civ. 3408, slip op. (S.D.N.Y. July 31, 1987) (Walker, J.).

The parties then moved to lengthy discovery on the "employee status" issue, whereupon PMM moved for summary judgment on the age discrimination claim on the grounds that Caruso was not an employee under the ADEA definition. Judge Walker denied PMM's motion, *see Caruso v. Peat, Marwick, Mitchell & Co.*, 717 F.Supp. 218 (S.D.N.Y.1989), but certified that issue for interlocutory appeal. PMM's petition for interlocutory appeal was opposed by Plaintiff and denied by the Court of Appeals for the Second Circuit on October 6, 1989. *See Caruso v. Peat, Marwick, Mitchell & Co.*, No. 89–8082, slip op. (2d Cir. Oct. 6, 1989).

The parties engaged in further discovery and, at the close of discovery, PMM again moved for summary judgment on Plaintiff's age discrimination allegation, once again raising the non-employee issue. This motion was denied by this Court on June 7, 1991. *See Caruso v. Peat, Marwick, Mitchell & Co.*, 765 F.Supp. 144 (S.D.N.Y.1991).

Thereafter, the pretrial order was filed and the case was tried to a jury from July 30, 1991 to August 8, 1991. On August 9, 1991, the jury returned a verdict, finding that Plaintiff was an "employee" for age discrimination purposes, had not been terminated because of his age, and had been retaliated against due to his filing a discrimination claim with the EEOC. It awarded Plaintiff $31,300 in compensatory damages on the retaliation claim. The jury did not find a willful violation of ADEA. The parties agreed that prejudgment interest was to be awarded by the Court. The Court has been advised, however, that the parties have agreed on a total damage award, including prejudgment interest, of $50,750.28.

Plaintiff's counsel's application for attorneys' fees are based on the hours expended on the litigation by each of the partners,

associates, and paralegals involved at the following rates per hour:

| | |
|---|---|
| Judith P. Vladeck | $300.00 |
| Joseph J. Garcia | 225.00 |
| Laura S. Schnell | 175.00 |
| Associates | 125.00 |
| Law clerks | 55.00 |
| Paralegals | 45.00 |

Accordingly, Plaintiff's counsel calculates a total lodestar fee based on those rates and the hours expended for its services during the following years:

| | |
|---|---|
| 1986–1988 | $ 45,725.00 |
| 1989 | 15,087.50 |
| 1990 | 26,433.75 |
| 1991 | 102,583.75 |
| Total | $189,830.00 |

■ Because PMM was successful in defending the first claim, Plaintiff's counsel reduces the figures for 1990 and 1991 by ten percent for a total figure of $176,928.25. Costs and disbursements total $15,888.10. Accordingly, Plaintiff's attorneys seek a total award of $192,816.35.

PMM does not dispute the reasonableness of the hourly rates, time expended or costs and disbursements charged by Plaintiff's counsel. Instead, it asks the Court to award to Plaintiff's counsel $16,981.13 for fees and disbursements on the basis of PMM's calculations of time expended by Plaintiff's counsel in attaining recovery on the retaliation claim as to which, PMM argues, a finding of Plaintiff's employment status was not relevant.[1] PMM argues that Plaintiff prevailed only on his retaliation claim, that the award was less than two percent of the damages contained in the complaint's ad damnum clause, and that the requested fees and expenses far exceed the jury's award. PMM claims that most of the time on trial was taken by proof as to the merit or lack of merit of the age discrimination claim and that, although a substantial part of the trial proof related to Plaintiff's status as an employee for ADEA purposes, Plaintiff argued, and the Court agreed, that Plaintiff could prevail on the retaliation claim even if Plaintiff failed to establish that he was an employee within the meaning of ADEA. From this position, PMM argues against recovery not only for such trial time, but for all the pretrial activity on the employee issue as well.

PMM's position is based on language in *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983), which states that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole," and *McCann v. Coughlin*, 698 F.2d 112, 130 (2d Cir. 1983), which states that "where claims are separable, and one or more are found to be without merit, then the district court should decline to award that portion of the requested fees which relate to the unsuccessful claim." On oral argument, PMM also relied on the reasoning in *Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522 (2d Cir.1991).

PMM's argument overlooks the vigorous position PMM took throughout the trial, and during the pretrial activity, that a finding of employee status was a legal requirement for Plaintiff to succeed on the retaliation claim. *See, e.g.*, PMM Trial Br. at 63. Due in large part to PMM's position throughout the litigation, the employment issue intertwined both claims.[2] Thus, the retaliation claim was not sufficiently "distinct in all respects" from the age discrimination claim to enable the Court to separate the services, as *Hensley* would allow. 461 U.S. at 440, 103 S.Ct. at 1943 ("Where the plaintiff has failed to prevail on a claim that is *distinct in all respects* from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee."). Furthermore, for Plaintiff to prevail on the retaliation claim, it was neces-

---

1. PMM also suggests that an award of $3,209.20 for fees and disbursements "would be even more reasonable." Def.Mem. in Opp. at 11.

2. Because PMM took such a strong position on the necessity of a finding of employee status for the retaliation claim to prevail, the special interrogatories included that question so that a clear record would be available for appellate review.

sary for the jury to find that Plaintiff had a good faith, reasonable belief that his termination by PMM violated the law. For such a belief to be reasonable, it had to be based on evidence as to the true nature of Caruso's status within the organization. Thus, Caruso's reasonable belief that he had status as an employee for ADEA purposes, and had been discriminated against because of his age, was not "distinct in all respects" from the retaliation claim as charged by the Court. *Id.; see Dominic v. Consolidated Edison Co.,* 822 F.2d 1249, 1260 (2d Cir.1987) (facts underlying plaintiff's age discrimination claim were substantially intertwined with those underlying retaliatory discharge claim, justifying fully compensatory fee award).

Accordingly, the Court declines to reduce Plaintiff's attorneys' lodestar amount by an amount greater than the ten percent reduction for which Plaintiff's application has already made provision.

■ PMM also argues that the Court should reduce the attorneys' fees because of the size of the damage award to Plaintiff. These arguments in large part are based on a theory of proportionality. But a low damage award does not justify the use of negative multiplier to the lodestar figure. *DiFilippo v. Morizio,* 759 F.2d 231, 235 (2d Cir.1985). An attorneys' fee eleven times the damage award is not per se unreasonable under the discrimination legislation. *City of Riverside v. Rivera,* 477 U.S. 561, 564, 106 S.Ct. 2686, 2689, 91 L.Ed.2d 466 (1986). Indeed, the Second Circuit recently rejected such a reduction in *Cowan v. Prudential,* 935 F.2d at 527, the case cited by PMM at oral argument. The Court declines to reduce Plaintiff's application for fees on this basis.

Accordingly, judgment, including prejudgment interest, shall be entered for Plaintiff on the retaliation claim in the amount of $50,750.28, together with attorneys' fees, costs and disbursements in the amount of $192,816.25.

IT IS SO ORDERED.